**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHIRLEY-ANN LEU; HERBERT LEU,
            *Plaintiffs-Appellees,*

            v.

INTERNATIONAL BOUNDARY
COMMISSION, et al.,
            *Defendants-Appellants*
            *Defendants-Appellees.*

No. 07-35949

D.C. No.
CV-07-00510-MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted
May 5, 2010—Seattle, Washington

Filed May 19, 2010

Before: Cynthia Holcomb Hall, Kim McLane Wardlaw and
Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

---

**COUNSEL**

J. David Breemer and Brian T. Hodges, Pacific Legal Foundation, Sacramento, California, for the plaintiffs-appellees.

Jill D. Bowman and Kenneth M. Odza, Stoel Rives LLP, Seattle, Washington; Elliot J. Feldman (argued), Thomas D. Warren, and Michael S. Snarr, Baker & Hostetler LLP, Washington, DC; Michael D. McKay, McKay Chadwell, PLLC, Seattle, Washington, for defendant-appellant Dennis Schornack.

Ronald J. Tenpas, David C. Shilton, and Mary Gabrielle Sprague (argued), United States Department of Justice, Washington, DC, for defendant-appellant Kyle K. Hipsley.

---

**OPINION**

GOULD, Circuit Judge:

Dennis Schornack appeals the district court's order denying cross motions by Schornack and David Bernhardt in which each sought to have the other's filings quashed or struck from the case. The case arose out of a property dispute between Shirley-Ann and Herbert Leu and the International Boundary Commission (IBC), an organization tasked with defining, marking, and maintaining the boundary between the United States and Canada. The IBC is composed of just two commissioners, one from each country. The Leus brought a takings

claim against the IBC and the United States Commissioner—then Schornack—in his official capacity. While this suit was pending, President George W. Bush, who had appointed Schornack to the IBC in 2002, by letter explicitly purported to remove Schornack from his post and to install Bernhardt in his place. Schornack disagreed that the President could remove him and sought to quash Bernhardt's filings in the district court. Schornack's legal theory rested on the premise that the President had no power to fire Schornack or appoint Bernhardt under the terms of the treaties that created the IBC. *See* Treaty Between the United States and Great Britain in Respect of Boundary Between the United States and Canada, U.S.-Gr. Brit., Feb. 24, 1925, 44 Stat. 2102; Convention Between the United States and Great Britain Relating to the Canadian International Boundary, U.S.-Gr. Brit., Apr. 11, 1908, 35 Stat. 2003. Schornack further argued that the Department of Justice had no business representing the IBC because the IBC is an international organization and not a United States agency. Bernhardt correspondingly asked the district court to strike all of Schornack's filings that were made through private counsel. The district court denied the motions to quash and strike, but held that Schornack had been "effectively removed" from the IBC, citing the President's powers under Article II of the Constitution and analyzing the treaties' language. Schornack appeals that order. The fundamental underlying question is whether Schornack, who has received a termination letter from the President, can pursue this appeal on behalf of the IBC after the President has said he is no longer on that Commission.

Schornack concedes that his argument is in the nature of a request for declaratory relief. Schornack asks us to hold that he was not lawfully terminated from his position and that Bernhardt was not lawfully appointed to replace him. We conclude, however, that we do not have jurisdiction to so hold because Schornack does not have Article III standing to seek this relief. *See Summers v. Earth Island Inst.*, 129 S. Ct. 1142, 1149 (2009) (holding that a party seeking relief "bears the

burden of showing that he has standing for each type of relief sought").

**[1]** To the extent that Schornack merely seeks to have President Bush's action in removing him declared unlawful, that is "not an acceptable Article III remedy." *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 106-07 (1998) (holding that "psychic satisfaction," seeing "that a wrongdoer gets his just deserts," or ensuring that another is "punished for [his] infractions," are not cognizable Article III remedies); *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 962 (6th Cir. 2009) ("In the context of a declaratory judgment action, allegations of past injury alone are not sufficient to confer standing.").

**[2]** Schornack fares no better if he seeks a declaration that he was improperly removed along with an order instructing current Acting Commissioner Kyle K. Hipsley to vacate the IBC offices and allow Schornack to resume the Commissioner's duties. Neither the President nor any high-ranking member of the executive branch is a party to this suit. Accordingly, any judgment entered in this case would not bind executive officials. *See* Restatement (Second) of Judgments §§ 34, 62 cmt. a (1982) ("It is a basic principle of law that a person who is not a party to an action is not bound by the judgment in that action."). Where requested relief "depends on the unfettered choices made by independent actors not before the courts"— here, the President's decision to voluntarily bind himself to an otherwise non-binding judgment—the claim is not redressable and this court lacks jurisdiction over it. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992). From the early days of our Republic, the Supreme Court has consistently held that federal courts are not here to give advisory opinions. *See, e.g.*, *Cohens v. Virginia*, 19 U.S. 264, 399-402 (1821); *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968). It is not permissible under Article III for us to give an essay-like lecture to the executive branch in a decision that will not bind it because it is not a party to this litigation.

**[3]** Without filing his own lawsuit, and while expressly disclaiming that he is seeking to make any personal claim, Schornack has elected to contest the lawfulness of the President's attempt to remove him by filing motions in a suit in which no executive-branch official is a party. *Cf. Swan v. Clinton*, 100 F.3d 973, 979-81 (D.C. Cir. 1996) (concluding that an injunction against the President was unnecessary where enjoining "subordinate officials . . . could substantially redress [the plaintiff 's] injury"). We lack jurisdiction to review Schornack's non-redressable claim, whether presented under the collateral-order doctrine or through a petition for a writ of mandamus, and all claims here asserted by Schornack against the executive branch are dismissed. We therefore vacate the district court's order and remand with instructions to grant the motion to strike filed by the Department of Justice with respect to all filings by Schornack on or after July 10, 2007. We express no view on the merits of the validity of President Bush's termination of Schornack's tenure as Commissioner of the International Boundary Commission. Each of the three parties shall bear its own costs.

**VACATED and REMANDED.**