FILED

**NOT FOR PUBLICATION**

OCT 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VEGAN OUTREACH, INC., et al., | No. 10-56991 |
| Plaintiffs-Appellants, | D.C. No. 2:10-cv-06525-GW-JCG |
| v. | |
| PETEY CHAPA, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 14, 2011
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and SESSIONS, District Judge.[**]

Vegan Outreach, Inc. and Nikki Benoit (together "Vegan Outreach") allege

violations of their federal and California constitutional rights due to the Free

Speech Policies issued by the Los Angeles Community College District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable William K. Sessions, III, District Judge for the U.S. District Court for Vermont, Burlington, sitting by designation.

("LACCD") and enforced against them at East Los Angeles College ("East"), an LACCD campus. Vegan Outreach appeals the district court's denial of its request for a preliminary injunction and dismissal of its damages claims against Ms. Chapa by grant of qualified immunity. Because we lack jurisdiction to address the district court's qualified immunity grant,[1] we turn to the preliminary injunction. Vegan Outreach does not satisfy the criteria for standing to seek a preliminary injunction against Ms. Chapa, and, consequently, we dismiss its appeal and remand the case to the district court for further proceedings in accordance with this disposition.

We have jurisdiction over appeals of preliminary injunction decisions under 28 U.S.C. § 1292(a)(1). Regardless of whether the issue is properly raised by the

---

[1] A grant of qualified immunity is not "independently interlocutorily appealable." *Krug v. Lutz*, 329 F.3d 692, 694 n.2 (9th Cir. 2003). *See also Sanchez v. Canales*, 574 F.3d 1169, 1172-73 (9th Cir. 2009) (contrasting the availability of interlocutory jurisdiction to review denials of qualified immunity with the general absence of interlocutory jurisdiction to hear appeals from grants of qualified immunity). The district court did not submit a final order resolving all issues in this case, and our ruling today only dismisses Vegan Outreach's appeal for lack of standing to seek a preliminary injunction against Ms. Chapa. It does not prevent Vegan Outreach from amending its complaint or pursuing the permanent equitable remedies it seeks. As a result, Vegan Outreach's appeal is interlocutory. Nor is this an exceptional case in which a grant of qualified immunity is "inextricably entwined with a denial of qualified immunity," permitting pendant jurisdiction to hear both claims on appeal. *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009) (internal citation omitted). The district court solely dismissed the damages claim against Ms. Chapa on qualified immunity grounds. Since it is an independent, interlocutory issue, we cannot review the district court's grant of qualified immunity at this time.

parties, we are "obliged" to evaluate standing as a threshold requirement under Article III. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 796-97 (9th Cir. 2001) (internal citation omitted).

Vegan Outreach lacks standing to seek a preliminary injunction against Ms. Chapa. To establish standing and invoke the jurisdiction of the federal courts, a plaintiff must allege: (1) an injury in fact; (2) causation; and (3) "a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Here, Vegan Outreach failed to demonstrate that a preliminary injunction against Ms. Chapa, the sole remaining defendant, would likely redress the harm allegedly caused by the Free Speech Policies. To make out a redressable injury for standing purposes, a plaintiff need only show that "it is likely, although not certain, that his injury can be redressed by a favorable decision." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010). Since plaintiffs must establish standing independently for each remedy sought, *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000), Vegan Outreach was required to show specifically that the preliminary injunction it seeks against Ms. Chapa is likely to redress its injuries caused by the Free Speech Policies.

The record, as it stands, leaves too thin a basis to predict that a preliminary injunction is likely to be effective. Vegan Outreach only alleges Ms. Chapa "is an employee of LACCD in the Student Services Department of [East]," who, "at times, has been assigned to implement LACCD's Speech Policies at [East's] campus." It does not include in its suit any other officials possessed with the authority to enact, modify, or enforce the Free Speech Policies against it.

We have held that First Amendment plaintiffs need not sue every official with authority over an injurious law if a favorable result would likely prevent the law from being applied. *Wolfson*, 616 F.3d at 1057. We further have made clear that even an attenuated causal chain of events initiated by a favorable ruling suffices for redressability purposes, so long as the chain is likely to end in relieving the plaintiff's harm. *See e.g.*, *Renee v. Duncan*, 623 F.3d 787, 798-99 (9th Cir. 2010).

We do not find that a preliminary injunction against only *one* defendant in this case will likely provide redress against *all other* officials not under the defendant's control and empowered to apply the same harmful restrictions against the plaintiff. To take that step would go against the "'basic principle of law that a person who is not a party to an action is not bound by the judgment in that action.'" *Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 695 (9th Cir. 2010)

(quoting Restatement (Second) of Judgments §§ 34, 62 cmt. a (1982)). *See also Glanton ex rel. ALCOA Prescription Drug Plan v. AdvancePCS Inc.*, 465 F.3d 1123, 1125 (9th Cir. 2006) (stating standing does not exist when benefits stemming from a favorable ruling "depend on an independent actor who retains broad and legitimate discretion the courts cannot presume either to control or to predict.") (internal citations omitted)).

A preliminary injunction would restrain only Ms. Chapa and could not bind East, LACCD, or any official other than Ms. Chapa who is charged with promulgating or enforcing the Free Speech Policies. Accordingly, we cannot find that Vegan Outreach has satisfied the redressability prong to assert Article III standing, and we are required to dismiss its appeal.

We order Vegan Outreach's appeal dismissed and remand the case to the district court for further proceedings in accordance with this disposition.

**DISMISSED; REMANDED.**

<u>Vegan Outreach v. Chapa</u>, 10-56991

SILVERMAN, Circuit Judge, dissenting:

I respectfully disagree that the plaintiffs lack standing to bring suit to enjoin Chapa. Plaintiffs allege that Chapa personally violated their First Amendment rights by enforcing the College's speech policies, and they seek to enjoin her from doing so again. The fact that plaintiffs did not *also* sue other possible defendants for *their* respective roles in the incident reflects on plaintiffs' tactics, not their standing. I would reach the merits just as the district court did, and would affirm the denial of a preliminary injunction for the reasons stated by the district court.