NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LAURA AKAHOSHI, Former Chief Compliance Officer,<br><br>Petitioner,<br><br>v.<br><br>OFFICE OF THE COMPTROLLER OF THE CURRENCY,<br><br>Respondent. | No. 23-938<br><br>AA-EC-2018-20<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Office of the Comptroller of the Currency

Argued and Submitted October 7, 2024
Las Vegas, Nevada

Before: BEA, CHRISTEN, and BENNETT, Circuit Judges.

This case arises from an administrative enforcement action by the Office of

the Comptroller of the Currency ("OCC") against Laura Akahoshi, a former banking

officer. Akahoshi petitions for review of the Comptroller of the Currency's

("Comptroller") final decision, which dismissed all charges and terminated the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

enforcement action against her ("Final Decision"). Because Akahoshi fails to establish Article III standing, we dismiss the petition.

"The 'irreducible constitutional minimum of standing' contains three requirements." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "First and foremost, there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 103 (quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "Second, there must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Id.* "And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury." *Id.* "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103–04 (footnote omitted).

Akahoshi alleges the administrative action, including the Final Decision, injured her by: (1) making legal and factual determinations against her; (2) causing her to suffer reputational harm; (3) impairing her ability to pursue her application for attorneys' fees under the Equal Access to Justice Act ("EAJA"), *see* 5 U.S.C. § 504; and (4) subjecting her to an unconstitutional and invalid agency proceeding.

To remedy these alleged injuries, she asks us to set aside the Final Decision, charges, and agency proceedings as void ab initio, unlawful, time-barred, and meritless. At bottom, this is a request for declaratory relief. Akahoshi cannot establish standing because her alleged injuries either do not qualify as injuries in fact or would not be redressed by declaratory relief.

Contrary to Akahoshi's claim, the Final Decision did not make any factual findings on disputed issues or legal conclusions against her. Rather, the Final Decision rejected the administrative law judge's recommended decision in its entirety, stated that the Comptroller would "not reach final findings of fact," dismissed all the charges against Akahoshi, terminated the enforcement action, and based on mootness, declined to address any other issues. While Akahoshi objects to some of the Comptroller's phrasing, this does not establish an injury in fact, because the Final Decision makes clear that the Comptroller made no definitive findings or legal conclusions against Akahoshi.

As to Akahoshi's alleged past reputational harm, such injury would not be redressed by declaratory relief. *See Leu v. Int'l Boundary Comm'n*, 605 F.3d 693, 694 (9th Cir. 2010) (holding that declaratory relief for only past injuries cannot satisfy the redressability requirement for standing, as such relief amounts to mere 'psychic satisfaction'" (quoting *Steel Co.*, 523 U.S. at 107)). And her allegation of future reputational harm is too speculative to constitute an injury in fact, as it is based

on only cursory assertions with no supporting details. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" (citations omitted)).

Akahoshi's interest in pursuing her application for attorneys' fees is insufficient by itself to establish standing. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (holding that an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"); *see also Steel Co.*, 523 U.S. at 108 ("[R]eimbursement of the costs of litigation cannot alone support standing.").[1]

Finally, while having been subjected to an alleged unconstitutional and invalid agency proceeding is a concrete injury, such a past injury cannot be redressed by declaratory relief.[2] *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (holding that being subjected to unconstitutional agency authority is an injury, but explaining

---

[1] The Comptroller stayed Akahoshi's EAJA application for attorneys' fees pending a decision in this appeal. According to the stay order, the proceeding on her EAJA application will go forward "30 days after [this] appeal results in a final judgment." If Akahoshi is dissatisfied with the fee determination, she presumably could then seek review of the final agency decision. *See* 31 C.F.R. § 6.16; 5 U.S.C. § 504(c)(2).

[2] Akahoshi makes no claim that the OCC will subject her to an unconstitutional and invalid proceeding in the future. Indeed, the Comptroller has conceded that, under 12 U.S.C. § 1818, the OCC is barred from bringing a new enforcement action against Akahoshi based on her tenure at the bank.

that "it is impossible to remedy [such an injury] once the proceeding is over" because the injury "is about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker" and "as to that grievance, the court of appeals can do nothing: A proceeding that has already happened cannot be undone"); *see also Leu*, 605 F.3d at 694.

**PETITION DISMISSED.**[3]

---

[3] We deny as moot the OCC's motion to supplement the record. Dkt. No. 39.